## In re Kramer

*H. Alker,* for petitioner.

*Charles Brunner* and *R. Tredeinnick,* for exceptants.

KNIGHT, P. J., March 12, 1954.—Frank M. Kramer is an alcoholic; the evidence shows that he is and he admits it. On September 21, 1953, he was committed to the Norristown State Hospital upon the certificate of a physician under the provisions of section 314 of the Mental Health Act of June 12, 1951, P. L. 533. On January 14, 1954, a petition was presented to this court signed by Frances H. Kramer, wife of Frank M. Kramer, and Joan A. Kramer, his daughter, praying for his commitment to the State hospital as an inebriate under section 329 of the Mental Health Act, supra. The petition had attached the certificates of two physicians, certifying that Kramer was a chronic alcoholic, dangerous to his wife, his daughter and himself when intoxicated and that he was in need of treatment in an institution for inebriates. On this petition a hearing was held on February 1, 1954, at which the two physicians and the wife testified and fully substantiated the averments of the petition. The alleged inebriate, who was represented by counsel, also testified.

After the hearing, Kramer was committed to the Norristown State Hospital, there to remain for one year unless sooner discharged as provided by law.

Kramer, through his counsel, filed these exceptions which were argued before the court en banc:

The first exception complains that the testimony does not substantiate that Frank M. Kramer is an inebriate. There is no merit in this exception. The evidence shows that Mr. Kramer has been drinking heavily for 10 years, that when intoxicated he physically abused his wife and threatened to kill her, that he chased his daughter from the house with a can of lye and with the expressed intention of disfiguring her, that he had required the services of physicians many times when he was under the influence of liquor or getting over a

debauch and he himself admitted on the stand that he was an alcoholic.

The second exception declares that the commitment of Frank M. Kramer on September 21, 1953, under section 314 of the Mental Health Act, June 12, 1951, P. L. 533, was illegal and the court could not legally commit after such original illegal commitment.

The original commitment in September 1953 may have been illegal, for section 314 applies to those suffering from mental illness and not inebriates. It does not follow that the present commitment is illegal for it is an entirely different proceeding under a different section of the Mental Health Act. If the original commitment was illegal, then it was a nullity and has no bearing on the present commitment. Whether the original commitment was legal or illegal the present proceeding is de novo. There is no merit in this exception.

The third exception is that the hearing judge improperly permitted Doctors Shelly and Kelton to testify. These were the physicians who testified at the hearing and it was upon the certificate of Doctor Shelly that Mr. Kramer was committed to the hospital in September 1953. The argument is that these two physicians could not tell by an examination made in January 1954 that Mr. Kramer was an inebriate for he had been in the hospital for nearly four months and sober during that time. In the usual case there would be merit in this argument, but these two physicians had known Mr. Kramer for a number of years, they both had treated him many times for inebriety, they knew of his treatment of his wife and family and his inability to hold a job because of his drinking. As physicians they knew of the propensity of an alcoholic to drink and they could infer that he had been sober for four months only because he could not get liquor in the State institution. There is no merit in this exception.

The exceptions must be dismissed, but we feel that in determining how long Mr. Kramer should stay in the hospital, effect should be given to the fact that he was originally committed in September 1953. There may be some doubt whether these exceptions are well taken and if habeas corpus is not the proper method to attack the *legality* of the commitment.

And now, March 12, 1954, the exceptions are dismissed.